# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| RICHARD A. LOFGREN,<br><br>   Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>   Defendant. | No. 4:15-CV-0083-MWB-ARS<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE** |

_____

**TABLE OF CONTENTS**

*I.*   *INTRODUCTION..................................................................2*
*II.*   *LEGAL ANALYSIS ...............................................................3*
   *A.*   *Evidence Of BNSF's Size And Financial Condition .........................3*
   *B.*   *Evidence Of Post-Accident Measures.............................................4*
   *C.*   *Evidence Of Safer Methods............................................................6*
   *D.*   *Evidence Of Prior Incidents ..........................................................9*
   *E.*   *Offset Of Past Medical Expenses.................................................. 10*
   *F.*   *Evidence Of Gross Income ......................................................... 11*
   *G.*   *Evidence Of Subsequent Medical Conditions ............................... 13*
*III.*   *CONCLUSION................................................................... 14*

## I. INTRODUCTION

This is a civil lawsuit pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, brought by plaintiff Richard Lofgren against his employer, defendant BNSF Railway Company. Mr. Lofgren alleges that he was injured on August 3, 2012, in the area of milepost 237.8 near Oswego, Montana, when he stepped in a badger hole on railroad property covered with vegetation while out of his train, which was stopped on the main line, to perform a roll-by safety check of another train, which was passing on a siding. Mr. Lofgren claims he suffered a severe and permanent injury to his Achilles tendon which resulted in his disability and departure from the railroad. Mr. Lofgren asserts claims against BNSF for negligence and violation of a safety regulation, 49 C.F.R. § 213.37, in failing to maintain its right of way. BNSF alleges Mr. Lofgren was walking in an improper place at the time of his injury, contrary to his training and operating rules. BNSF also alleges that Mr. Lofgren's claims about his injury are not supported by the medical records; that he is not permanently disabled; that, if he wanted to work, BNSF was willing to retrain him and place him in a potentially higher-paying job; and that, before he was injured, Mr. Lofgren was planning to retire in December 2012. A jury trial in this matter is set to begin on May 21, 2018.

In anticipation of the jury trial, BNSF filed its April 17, 2018, Motion In Limine, challenging six categories of evidence.[1] Mr. Lofgren filed his Response on April 24,

---

[1] Both parties had filed motions in limine prior to an earlier trial setting. United States District Judge Ralph R. Erickson filed a ruling on those motions on February 1, 2017, before this case was reassigned to me on March 9, 2017. BNSF asserts that, because admissibility is largely subject to the trial court's discretion, and because my September 1, 2017, Trial Management Order for Civil Jury Trial set forth specific deadlines and requirements for motions in limine, it has filed the present Motion. BNSF's Motion is the only one currently pending.

2018. I do not find oral arguments on the Motion to be necessary, so it is deemed fully submitted on the parties' written submissions.

## II. LEGAL ANALYSIS

I will consider, in turn, the categories of evidence that BNSF seeks to exclude.

### A. Evidence Of BNSF's Size And Financial Condition

First, BNSF seeks an order excluding references to or evidence of its size and financial wherewithal. Slightly more specifically, BNSF seeks exclusion of references "to BNSF Railway Company or the railroad's parent, Berkshire Hathaway, Inc., as large and wealthy corporations [and] to Berkshire Hathaway's primary investor, Warren Buffett." BNSF's Memorandum, 2. BNSF contends that such evidence is not relevant to any issue in the case, could cause bias, and could distract the jury, so that it should be excluded pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence. Mr. Lofgren argues that this part of BNSF's Motion is not a proper subject in limine, because he has not yet offered any such evidence to which BNSF could object. He urges me to reserve ruling until specific objections are made at the time any such references or evidence are presented. Next, Lofgren argues that BNSF has boasted of its size and the number of people it employs, so that it should likewise be precluded from offering any such references or evidence, if he cannot do so. Lofgren also argues that jurors will need to compare BNSF's conduct to that of a similar "entity," which necessarily encompasses BNSF's size and financial status, when deciding if BNSF acted with due care. He represents that, with respect to BNSF's financial status and wealth, he does not intend to

3

introduce such evidence in an improper attempt to invoke juror passion, sympathy, or prejudice.[2]

I can see where, particularly in a case that does not involve punitive damages, references to or evidence of a corporate defendant's wealth or financial condition likely have little probative value, while they could be unduly prejudicial, because they might invite a decision on an "improper basis," particularly an "emotional one." FED. R. EVID. 403, Advisory Committee Notes; *see also United States v. Bell*, 761 F.3d 900, 912 (8th Cir. 2014). Also, I find Mr. Lofgren's arguments that such evidence is more probative than prejudicial unconvincing, at least in the abstract. Thus, this part of BNSF's Motion In Limine is **granted**, but without prejudice to demonstration by Mr. Lofgren during trial, but outside the presence of the jury before any such evidence is offered, that specific evidence of BNSF's size or financial condition is probative in the specific context in which it would be offered.

### B. *Evidence Of Post-Accident Measures*

Second, BNSF seeks exclusion of evidence about any post-incident rule changes or repairs around the right-of-way in Oswego, Montana, as inadmissible pursuant to Rules 402, 403, and 407. BNSF contends that no exception to exclusion of this evidence under Rule 407, such as to show ownership or for impeachment, is applicable, here, so that the only possible purpose is to try to show negligence, which is the prohibited purpose. BNSF also argues that the admission of subsequent remedial measures evidence would create a false impression that the incident heightened BNSF's safety awareness, so that it should be excluded pursuant to Rules 401, 402, and 403. Mr. Lofgren points out

---

[2] In his February 1, 2017, Order On Motions In Limine (docket no. 64), Judge Erickson concluded this information is immaterial and irrelevant to any issues in the lawsuit, so he granted the comparable part of BNSF's prior motion.

that BNSF has not identified a single post-incident remedial measure for the court to exclude. He argues that a blanket exclusion, without consideration of specific evidence and the possibility that such evidence could be offered for a permissible reason, is inappropriate. He argues that such evidence may be admissible to prove control, feasibility, industry standards, or to impeach trial testimony.

Rule 407 does bar admissibility of evidence of subsequent measures "that would have made an earlier injury or harm less likely to occur" to prove "negligence; culpable conduct; a defect in a product or it its design; or a need for a warning or instruction." FED. R. EVID. 407. As Mr. Lofgren contends, however, Rule 407 also includes the following exceptions:

> But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

FED. R. EVID. 402; *see also Stevens v. Bangor and Aroostook R.R. Co.*, 97 F.3d 594, 598-99(1st Cir. 1996) (FELA case examining the scope and exceptions to Rule 407). The Eighth Circuit Court of Appeals has also recognized "that there is an exception to Rule 407 when remedial action is 'mandated by superior governmental authority.'" *Cowden v. BNSF Ry. Co.*, 690 F.3d 884, 888 (8th Cir. 2012) (quoting *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1204 (8th Cir. 1990)). The First Circuit Court of Appeals explained, some time ago, that when evidence was not presented to the jury directly or by inference as subsequent remedial measures, Rule 407 did not apply. *Stevens*, 97 F.3d at 599. Thus, the purpose and context of the evidence supposedly showing subsequent remedial measures is critical to the admissibility of such evidence. Here, I cannot determine any of those things, where BNSF has not specifically identified the supposed evidence of remedial measures, and I have no way to determine the purpose for which

5

such evidence might be offered, to determine the applicability of Rule 407's bar or its exceptions.

This part of BNSF's Motion is **denied**, without prejudice to reassertion if any such evidence is actually offered.

### C. *Evidence Of Safer Methods*

BNSF also seeks to exclude evidence of safer methods of performing Mr. Lofgren's trackside duties or evidence of safer vegetation management policies or procedures. BNSF argues that such evidence is improper and unhelpful to the jury. Specifically, BNSF argues that the evidence at trial will demonstrate that Mr. Lofgren performed his roll-by inspection from an improper and unforeseeable position. BNSF argues that evidence that Mr. Lofgren might offer about what is "possible" for BNSF to do at the point where he conducted his roll-by inspection, such as building a walkway, is irrelevant and inadmissible, because the question is whether the railroad met its standard of care to provide a reasonably safe work environment, not whether it could have employed safer methods, citing, *inter alia*, *Darrough v. CSX Transp., Inc.*, 321 F.3d 674, 676 (7th Cir. 2003). BNSF also argues that Mr. Lofgren's argument that the railroad should have built a walkway is inconsistent with the law, so that it is inadmissible under Rule 403, because the Federal Railroad Safety Act (FRSA) prohibits state law interference with federal railroad oversight, and 49 C.F.R. § 213.37 dictates a railroad's duties alongside a roadbed.

Mr. Lofgren argues that, not only has BNSF failed to identify specific evidence at issue, the case law compels admission of alternative work methods. That case law, he contends, uniformly concludes that what is reasonably safe for purposes of determining negligence and liability under FELA is affected by the alternatives available, citing, in

particular, *Rodriguez v. Delay Connecting R. Co.*, 473 F.2d 819, 821 (6th Cir. 1973). He also argues that the FRSA does not preclude "safer methods" evidence.

BNSF is correct that the main question in a FELA negligence case is, as the Seventh Circuit Court of Appeals put it, "whether the railroad exercised reasonable care in creating a reasonably safe working environment, not whether that working environment could have been safer." *Darrough*, 321 F.3d at 676; *Walker v. Northeast Regional R.R. Corp.*, 225 F.3d 895, 899 (7th Cir. 2000) (FELA case explaining that "[s]afer methods . . . may be available, but [the railroad] need only use a reasonably safe method"). On the other hand, Mr. Lofgren is correct that, in *Rodriguez*, the Sixth Circuit Court of Appeals observed,

> [A]lternatives often have a significant bearing on what is "reasonable." *See Stone v. New York, C. & St. L. RR Co.*, 344 U.S. 407, 73 S.Ct. 358, 97 L.Ed. 441, rehearing denied, 345 U.S. 914, 73 S.Ct. 639, 97 L.Ed. 1348 (1953), wherein evidence of three alternative methods of track tie removal was admitted.

*Rodriguez*, 473 F.2d at 821. The court also observed, "Evidence on the practices of other railroads is generally admissible in F.E.L.A. actions." *Id*. (citing *Baltimore & Ohio RR. Co. v. Groeger*, 266 U.S. 521 (1925), and *Schwer v. New York, C & St. L. RR. Co.*, 161 Ohio St. 15, 117 N.E.2d 696 (1954)). Furthermore, when the question is the *plaintiff employee's* contributory negligence, safer alternatives to the *employee's* conduct are probative and admissible:

> To illustrate, in [*Jenkins v. Union Pacific R.R. Co.*, 22 F.3d 206 (9th Cir.1994)], the employer produced evidence that the plaintiff violated company safety rules in performing the job in the manner in which he did. Because this evidence supported the employer's argument that the plaintiff had a safer method of performing his job, the court "agree[d] with Union Pacific that the jury could rationally find that Jenkins

7

contributed to his own injury by violating the operating rule."
*Id*. at 212.

*Fashauer v. New Jersey Transit Rail Operations, Inc.*, 57 F.3d 1269, 1279 (3d Cir. 1995). Indeed, here, BNSF specifically asserts, in its contributory negligence defense, that Mr. Lofgren had safer methods of performing his roll-by inspection.

Here, the jury instructions will make plain that the question is whether BNSF provided a reasonably safe working environment, but that does not mean that evidence of safer alternatives is inadmissible. I find guidance from a Sixth Circuit case, in the analogous context of a Jones Act case:

> [W]e reject Defendants['] argument that proof of a safer work environment or methods is inadmissible. The Federal Rules of Evidence require district courts to admit all relevant evidence unless such evidence is otherwise inadmissible. *See* Fed.R.Evid. 402. The rules define relevant evidence as "evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed.R.Evid. 401 (emphasis added). As the Supreme Court and this Court have noted on numerous occasions, this standard of relevancy is liberal. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Hildebrand v. Bd. of Trustees of Mich. State Univ.*, 607 F.2d 705, 713 n. 15 (6th Cir.1979).
>
> We believe that evidence of a safer environment or method is relevant within the meaning of Rule 401. Plaintiff is suing Defendants for failure to maintain safe working conditions and negligence and thus must demonstrate that Defendants failed to exercise reasonable or ordinary care in outfitting the kitchen. "Typically, this involves a person's giving attention both to possible dangers, mistakes and pitfalls and to ways of ensuring that these pitfalls do not materialize." Black's Law Dictionary 204 (7th ed.1999) (defining care in

> the context of negligence). Proof that a safer alternative existed makes it "more probable" that Defendants failed to exercise reasonable care in outfitting the kitchen.

*Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006). For the same reasons, I conclude that evidence of safer methods is relevant and admissible in this case.

BNSF's request for a blanket exclusion of "safer methods" evidence pertaining to Mr. Lofgren's performance of trackside duties or BNSF's vegetation management policies or procedures is **denied**.

### D. *Evidence Of Prior Incidents*

BNSF also seeks to exclude what it brands as "rumors of dissimilar prior slips, trips, or falls at other locations." BNSF argues that such evidence should be excluded on two grounds: (1) it is too different and remote to be relevant; and (2) it is substantially more prejudicial than probative. BNSF argues that Mr. Lofgren cannot show that any employee encountered substantially similar alleged conditions in or around the switch in Oswego, Montana. Indeed, BNSF contends that the facts of any prior incidents were not explored in discovery, evidence regarding the actions of other employees in prior incidents is lacking, and the conditions at the other locations are unknown. Even if Mr. Lofgren can establish similarity, BNSF argues that this evidence should be excluded as more prejudicial than probative, especially because of the ambiguity surrounding any prior incident, so that exploring any incident would waste time and judicial resources to determine whether newly-identified prior incidents are "substantially similarly," with possibilities of undue delay from a mini-trial.

Mr. Lofgren responds that BNSF's motion is improper because it fails to cite specific evidence. He also argues that BNSF's view of admissibility under Rules 401, 402, and 403 is too restrictive, because, here, evidence pertaining to injuries and claims of other BNSF employees may be relevant and probative depending on the evidence and

9

claims presented at trial, and the evidence of other injuries or claims from other BNSF employees who have worked for BNSF, performing the same job, in similar areas, is relevant to prove the issues in dispute, including foreseeability.[3]

Mr. Lofgren is correct, that prior accidents or incidents, or the lack of them, may be relevant to foreseeability. *See Cowden v. BNSF Ry. Co.*, 690 F.3d 884, 896 (8th Cir. 2012). On the other hand, even accidents or incidents at the same location may not be sufficiently similar to be admissible. *See Grogg v. Missouri Pac. R.R. Co.*, 841 F.2d 210, 214 (8th Cir. 1988). Here, of course, I cannot determine admissibility of prior incidents merely from the parties' arguments, which do not identify any specific incidents at all, let alone with sufficient detail to allow me to assess the degree of similarity, the potential for probative value, whether any probative value is outweighed by potential prejudice, or whether allowing the evidence might let proceedings devolve into a mini-trial of incidents that are not before the jury for determination.

This part of BNSF's Motion is **denied** without prejudice to timely reassertion should such evidence be offered.

### E.     Offset Of Past Medical Expenses

Next, BNSF argues that, if Lofgren receives a favorable verdict, past medical expenses that have been paid by BNSF must be removed from the total. More pertinently, in the context of a motion in limine, BNSF argues that Lofgren cannot seek to recover medical bills that BNSF has already paid, so evidence of all past medical bills that BNSF

---

[3] In his February 1, 2017, Order On Motions In Limine (docket no. 64), Judge Erickson granted BNSF's prior motion to exclude evidence of prior incidents, statistics, and prior lawsuits, but noted that, because the record was not fully developed on any of those issues, if Mr. Lofgren had evidence that he sought to introduce on any of these issues, he should bring it to the court's attention outside the jury's presence.

has paid should be excluded, or Lofgren will enjoy a windfall double recovery. BNSF argues, alternatively, that the verdict form should exclude any reference to past medical expenses, because the jury might award more past medical damages than what has been paid. Mr. Lofgren argues that BNSF's motion overlooks the relevancy of his past medical expenses *as charged*, versus some unsubstantiated discount; his past medical bills are relevant to prove his past medical expenses, which are a specific item of damages; and his medical bills—as charged—are also relevant and admissible to prove the costs of his future medical expenses. Mr. Lofgren argues that I should deny this part of BNSF's motion and leave any offset to be determined post-trial.[4]

I agree with Mr. Lofgren that he is entitled to past medical expenses and that his past medical expenses are relevant and not unduly prejudicial on any future medical expenses. FED. R. EVID. 401, 402, 403. That said, BNSF should not be subjected to double payment, nor is Mr. Lofgren entitled to double recovery, for medical bills that BNSF has already paid. The most appropriate solution, however, is not requiring the jury to determine any offset nor barring all evidence of past medical expenses, as BNSF suggests. Rather, as Mr. Lofgren suggests, the appropriate solution is to determine the appropriate offset for any past medical expenses post-trial, as an accounting matter.

Therefore, this part of BNSF's Motion is **denied**.

### F. *Evidence Of Gross Income*

BNSF also seeks exclusion of evidence of Mr. Lofgren's gross income. BNSF argues that it is well-settled that FELA damages awards dealing with lost wages are *not*

---

[4] In his February 1, 2017, Order On Motions In Limine (docket no. 64), Judge Erickson deferred ruling on the form of the verdict and applicable set offs under 45 U.S.C. § 55 until the record was fully developed.

subject to income taxation.[5] BNSF argues that Mr. Lofgren failed to produce his tax returns for years other than 2015 and 2016, and provided, instead, only his Form W-2s, which showed his gross wages and his tax *withholding*. Consequently, BNSF argues that the jury would have to hazard a guess as to the net income to which Lofgren is entitled. Mr. Lofgren argues that his argument will be consistent with the law and the jury instructions regarding damages, so specific objections should be made at trial.

BNSF is correct that the Supreme Court has held that it was error to refuse an instruction that the final award of damages, including damages for lost wages, in a FELA action was not subject to income tax. *Norfolk & Western Ry. v. Liepelt*, 444 U.S. 490, 498 (1980); *see also Gander v. FMC Corp.*, 892 F.2d 1373, 1381 (8th Cir. 1990) (citing *Liepelt*); 8th Cir. Model 15.73. In *Liepelt*, the Court explained,

> The amount of money that a wage earner is able to contribute to the support of his family is unquestionably affected by the amount of the tax he must pay to the Federal Government. It is his after-tax income, rather than his gross income before taxes, that provides the only realistic measure of ability to support his family.

*Liepelt*, 444 U.S. at 493; *see also* 8th Cir. Model 15.73, cmt. (quoting this statement from *Liepelt*).

The requirement that damages be based on after-tax income may present a problem of *proof*, where Mr. Lofgren does not dispute that he has not provided tax returns for the entire relevant period, showing what his after-tax income was, which would help jurors determine the after-tax amount of any lost wages. On the other hand, gross income and tax *withholding* are also probative, at least to some degree, of what his after-tax income

---

[5] BNSF actually says the opposite in its Memorandum at 18. However, all of the authority it cites establishes that FELA damages awards are *not* subject to income taxation. Thus, I conclude that BNSF simply made a typographical error.

was and, hence, what his after-tax lost wages would be. These are not issues of *admissibility* of his gross income or his W-2s, however. The jurors will be instructed that, when calculating lost earnings, if any, they should use after-tax earnings. They will also be instructed that they must not engage in any speculation, guess, or conjecture in awarding damages. Where BNSF does not appear to be seeking some discovery sanction, its argument about the insufficiency of Mr. Lofgren's evidence of gross income to establish the proper amount of lost wages damages, if any, is just that, an *argument* that can properly be made to the jury.

This part of BNSF's Motion is **denied.**

### G. *Evidence Of Subsequent Medical Conditions*

Finally, BNSF seeks to exclude evidence of subsequent and unrelated medical conditions, including a tonsillectomy stemming from cancer treatment in 2016 and 2017. BNSF asserts that such evidence is wholly unrelated to any injury, specifically, an ankle injury, that Mr. Lofgren claims from BNSF's conduct at issue in this case. BNSF argues that evidence related to his subsequent cancer treatment would have no probative value, but significant prejudicial impact and could cause confusion. Mr. Lofgren responds that he does not intend to offer medical records related to his cancer treatment.

Therefore, this part of BNSF's Motion is **denied as moot.**[6]

---

[6] Indeed, it is clear that this portion of BNSF's Motion In Limine could have been resolved by good faith consultation of the parties and should not have required recourse to a motion in limine at all.

### *III.    CONCLUSION*

Upon the foregoing, BNSF's April 17, 2018, Motion In Limine (docket no. 88) is **granted** as to evidence of BNSF's wealth or financial conduction, albeit without prejudice to demonstration by Mr. Lofgren during trial, but outside the presence of the jury before any such evidence is offered, that specific evidence of BNSF's wealth or financial condition is probative in the specific context in which it would be offered. BNSF's Motion In Limine is otherwise **denied**.

**IT IS SO ORDERED**.

**DATED** this 4th day of May, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA
VISITING JUDGE